UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT ERATH, et al.,

                            Plaintiffs,        **MEMORANDUM and ORDER**

          — against —                      07-CV-851 (SLT)(MDG)

MONTE ROSA CONSTRUCTION,

                            Defendant.
------------------------------------------------------------X
**TOWNES, United States District Judge:**

      On February 27, 2007, plaintiffs commenced this action against defendant Monte Rosa Construction ("Defendant" or "Monte Rosa") pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Plaintiffs are the trustees of two multi-employer benefit plans, namely the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, and the Tile Layers Local Union 52 Pension Fund (collectively, the "Local Benefit Funds") and the Bricklayers & Trowl Trades International Pension, Health and Annuity Funds (the "International Benefit Funds"), and the president of Tile, Marble & Terrazzo Local No. 7 of N.Y. & N.J., BAC (the "Union"). The complaint alleges that Defendant has failed and refused to pay monetary contributions to the two Benefit Funds and dues checkoffs to the Union, as required by the effective collective bargaining agreements ("CBAs").

      On March 20, 2007, plaintiffs filed an affidavit of service indicating that they had served the summons and complaint on Defendant through New York's Office of the Secretary of State on March 9, 2007. Defendant failed to appear, and, on August 1, 2007, plaintiffs moved for a default judgment for the recovery of the delinquent contributions as well as interest, attorneys' fees, and costs. Thereafter, the Clerk of the Court noted Defendant's default in the action. For

the reasons set forth below, plaintiffs' motion for a default judgment is granted and judgment shall be entered in the amount of $185,405.90 for delinquent contributions, $43,898.88 for interest, $37,081.18 for liquidated damages, and $5,104.14 for attorneys' fees and costs.

**DISCUSSION**

*A.     The Consequences of Defendant's Default*

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992); *see also Chen v. Jenna Lane, Inc.*, 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998).  Accordingly, by defaulting in this case, Defendant has conceded, *inter alia*, that it (1) entered into the CBAs with the Union whereby it was required to make contributions to the two Benefit Funds based upon the work performed by certain Union members; and (2) it failed to make the requisite contributions during the period of June 2002 through June 2006, in violation of the CBAs and Section 515 of ERISA, 29 U.S.C. § 1145.[1]

Thus, plaintiffs are entitled to damages, under ERISA, and given that they have submitted detailed affidavits and evidence, the Court need not hold an evidentiary hearing to determine the amount of plaintiffs' damages.  *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir. 1991).

*B.     Damages Under ERISA*

---

[1] Section 1145 states, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

Since plaintiffs commenced this action as a fiduciary "for or on behalf of a plan to enforce section 1145 of [ERISA]," they are entitled to the damages specified in 29 U.S.C. § 1132(g). Thus, the Court shall award:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Iron Workers Dist. Council of Western New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502 (2d Cir. 1995). Accordingly, plaintiffs are entitled to (1) the amount of unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable attorneys' fees and costs.

### 1. *Unpaid Contributions*

By defaulting in this action, Defendant has admitted that it failed to make the requisite contributions to the two Benefit Plans. As such, the Local Benefit Funds seek $159,586.50 in unpaid contributions for the period of June 2002 through June 2006. *See* Supplemental Affirmation of Charles R. Virginia, Esq. dated February 27, 2008 ("Supp. Virginia Aff.") ¶ 9. For the same time period, the International Benefit Funds seek $25,819.40 in unpaid contributions. *Id*. ¶ 12. These amounts are supported by the compliance audit reports annexed to plaintiffs' motion. *See* Affirmation of Charles R. Virginia, Esq. dated August 1, 2007

3

("Virginia Aff."), Exh. A. Therefore, Defendant owes the two Benefit Plans $185,405.90 in unpaid contributions.

### 2. *Interest on Unpaid Contributions*

Under § 1132(g)(2)(B), plaintiffs are also entitled to interest on the unpaid contributions, calculated at the rate specified in the CBAs or, if no such rate is specified, at the rate prescribed under 26 U.S.C. § 6621. Here, although the complaint alleges that the effective CBAs provide for the collection of interest for delinquent contributions, it fails to identify the applicable interest rate. Compl. ¶¶ 15 and 20. Plaintiffs' attempt to clarify this deficiency in the affirmation in support of their motion by stating that the Local Benefit Funds are entitled to interest calculated at ten percent (10%) per annum, and the International Benefit Funds are entitled to interest calculated at fifteen percent (15%) per annum. *See* Virginia Aff. ¶¶ 9 and 12. However, there is no explanation why these two funds are entitled to differing amounts, and plaintiffs have not provided the Court with any excerpts from the effective CBAs so the Court can definitively determine the applicable interest rate.

On February 27, 2008, plaintiffs filed a supplemental affirmation, pursuant to this Court's January 29, 2008 Order, which further confuses the matter. The supplemental affirmation states that the International Benefit Funds is entitled to a ten percent (10%) interest rate in one paragraph and a fifteen percent (15%) interest rate in another paragraph. Supp. Virginia Aff. ¶¶ 12 and 14. Given the lack of consistent and sufficient proof of the interest rate applicable to the delinquent contributions owed to the International Benefit Funds, plaintiffs' request for that

amount is denied.[2]  However, once plaintiffs determine the correct interest rate applicable to the amount owed to the International Benefit Funds, they may seek an amended judgment.

Plaintiffs have provided sufficient evidence regarding the interest rate applicable to the delinquent contributions owed to the Local Benefit Funds, which is at the rate of ten percent (10%) per annum.  Plaintiffs have calculated the interest on the contributions owed to the Local Benefits Funds, which the Court has independently verified, to accrue at a daily rate of $43.73 (*i.e.*, the delinquent contributions, $159,586.50, multiplied by the daily interest rate, 0.0274% (10% divided by 365)).  *See* Supp. Virginia Aff., Exh. B.  Accordingly, the total amount of interest that has accrued as of the date of plaintiffs' motion for a default judgment, August 1, 2008, is $43,898.88.

### 3. *Liquidated Damages*

Plaintiffs are also entitled to liquidated damages, which the complaint alleges are also provided for in the CBAs.  *See* Compl. ¶¶ 15 and 20.  Here, it is clear that the complaint seeks twenty percent (20%) in liquidated damages for the unpaid contributions.[3]  *See* Supp. Virginia Aff. ¶¶ 9 and 12.  Accordingly, plaintiffs are awarded $31,917.30 for the delinquent contributions owed to the Local Benefits Funds and $5,163.88 for the delinquent contributions owed to the International Benefits Funds, totaling $37,081.18.

---

[2]  Plaintiffs have sought $11,377.87 in interest for the unpaid contributions owing to the International Benefits Funds, but, as the Court has stated, this amount is denied for a lack of sufficient evidence.

[3]  Plaintiffs initial affirmation in support of their motion for a default judgment mistakenly sought liquidated damages at the rate of ten percent (10%) for the delinquent contributions owed to the International Benefit Funds.  Virginia Aff. ¶ 12.  However, the complaint, the audit reports, and plaintiffs' supplemental affirmation make it clear that the International Benefit Funds are entitled to liquidated damages at the rate of twenty percent (20%).

### 4. *Attorneys' Fees and Costs*

Plaintiffs also seek to recover their attorneys' fees and costs, which are mandatory pursuant to 29 U.S.C. § 1132(g)(2)(D). In support of their request for attorneys' fees, plaintiffs' counsel submitted an affidavit detailing the backgrounds of the individual attorneys who worked on this case and each attorney's contemporaneous time records, which demonstrate that plaintiffs' attorneys expended 25.90 hours on this case, which amounts to $4,686.64 in legal fees. Supp. Virginia Aff. ¶¶ 15-22, Exh. C. Counsel further states, and the time records verify, that the billing rate for attorneys is $200 per hour, and for legal assistants is $75 per hour. *Id.* ¶ 22, Exh. C.

In determining whether plaintiffs' request for attorneys' fees is reasonable, the Court must "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 484 F.3d 162, 117 (2d Cir.), *amended and superceded by* 493 F.3d 110 (2d Cir. 2007). Having considered these variables,[4] the Court finds that the rates charged by plaintiffs' counsel are reasonable and appropriate. *See Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp.,* No. 07-CV-656, 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (finding that the prevailing rates

---

[4] According to the Second Circuit, "the district court should, in determining what a reasonable, paying client would be willing to pay, consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation." *Arbor Hill*, 493 F.3d at 112.

in this district have ranged from $200-$375 per hour for partners, $200-$250 per hour for senior associates, $100-$150 per hour for junior associates and $75 per hour for paralegals) (citations omitted).

In addition, plaintiffs seek to recover their costs in this action, which amount to $350.00 for the cost of filing this action and $67.50 for service fees. These costs are recoverable and reasonable. *See King v. JCS Enterprises, Inc.*, 325 F. Supp. 2d 162, 171 (E.D.N.Y. 2004). Accordingly, plaintiffs are awarded $5,104.14 in attorneys' fees and costs.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for a default judgment is granted. Accordingly, the Clerk of Court is directed to enter judgment in favor of plaintiffs in the amount of $185,405.90 for delinquent contributions, $43,898.88 for interest, $37,081.18 for liquidated damages, and $5,104.14 for attorneys' fees and costs.

SO ORDERED.

Dated: Brooklyn, New York
March 21, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge